UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
STEFANIE WALMSLEY,                               | Docket #
                                                 |
      Plaintiff                                | **COMPLAINT**
                                                 |
                                                 |
      v.                                       | Plaintiff Demands a Jury
                                                 |
PK & SON LLC, individually and d/b/a PARIS MATCH,|
PHILIPPE KAYADJANIAN, and TIMOTHY SANDOZ,        |
                                                 |
      Defendants                               |
                                                 |
------------------------------------------------------------------------X

Plaintiff STEFANIE WALMSLEY, by attorneys, AKIN & SMITH, LLC, upon information and belief, complains of defendants as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. Seq. ("Title VII"), and to remedy violations of state common law based upon the pendent jurisdiction of this Court pursuant to Gibb, 38 U.S. 715 (1966), and 28 U.S.C. §1367, and under the laws of the City and State of New York, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of being harassed, discriminated against, discharged, and retaliated against by Plaintiff's former employer on the basis of gender and retaliation.

2. Plaintiff further complains pursuant to the laws of the State of New York and the Administrative Code of the City of New York, seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed, discriminated against, and discharged by Plaintiff's former employer on the basis of national origin, gender, race and retaliation.

## JURISDICTION AND VENUE

3. The Court has jurisdiction pursuant to 42 U.S.C. §12101 et. Seq.; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

4. Venue is proper in this district based upon Plaintiff's residency within the State of New York, within the Southern District of New York. 28 U.S.C. §1391(b).

## PARTIES

5. Plaintiff is a resident of the State of New York.

6. Defendant PK & SON LLC (hereinafter also referred to as "PK") is a domestic Limited Liability Company duly existing in the State of New York.

7. Defendant PK operates a restaurant called "Paris Match" at 29 East 65th Street, New York, NY 10021.

8. Defendant PHILIPPE KAYADJANIAN (Hereinafter also referred to as "KAYADJANIAN") is an individual who resides in the State of New York, County of New York.

9. Defendant Timothy SANDOZ (Hereinafter also referred to as "SANDOZ") is an individual who resides in the State of New York, County of Kings.

10. Plaintiff STEPHANIE WALMSLEY, (hereinafter also referred to as "Plaintiff" and "Ms. Walmsley") was at all times material employed by Defendants in the City of New York.

11. Plaintiff is an American woman of Philippine origin.

12. Defendant KAYADJANIAN was at all times material an employee of Defendants.

13. Defendant KAYADJANIAN was at all times material Plaintiff's supervisor.

14. Defendant SANDOZ was at all times material an employee of Defendants.

15. Defendant SANDOZ was at all times material Plaintiff's supervisor.

16. Defendant SANDOZ works for Defendants as a manager.

17. Defendant KAYADJANIAN is the owner of PK and Paris Match.

18. Plaintiff was employed by Defendants at the above restaurant.

## **MATERIAL FACTS**

19. On or about November 29, 2006, Plaintiff filed a charge with the Equal Employment Opportunities Commission.

20. On or about March 5, 2007, plaintiff received a Notice of Right to Sue letter from the EEOC.

21. This action is being brought within 90 days of said Notice of Right to Sue letter.

22. Plaintiff began working for Defendants around February of 2006 as a waitress.

23. From the beginning of Plaintiff's employment with the Defendants, she was subjected to numerous acts of sexual harassment and discrimination based on her gender, national origin and citizenship.

24. On an ongoing and continual basis, Defendants, individually and/or by their employees, would called Plaintiff a "puta" meaning slut in English.

25. On an ongoing and continual basis, Defendants, individually and/or by their employees, would make sexual advances towards the plaintiff.

26. On an ongoing and continual basis, Despite Plaintiff's numerous protests, Defendants, individually and/or by their employees, would try to massage plaintiff's arm, waist, shoulders and entire body while she was working.

27. On an ongoing and continual basis, Defendants, individually and/or by their employees, would inappropriately slap Plaintiff's behind.

28. Around April/May of 2006, one of the members of Defendants' kitchen staff offered Plaintiff "$500 or even up to $1,000" to have sex with him.

29. Around early, May, 2006, Plaintiff complained to the Defendants' manager, "Benjamin" about all of the above instances.

30. However, despite complaining, the above sexual harassment continued.

31. On another occasion, Defendant SANDOZ told Plaintiff that because she is from the Philippines, that is why she "is so stupid"

32. Thereafter still in early May of 2006, Plaintiff complained to the Restaurant manager SANDOZ that the sexual harassment was continuing.

33. Defendant SANDOZ told Plaintiff, "All you do is complain. . . I'll give you $20 if you shut up."

34. The same day after Plaintiff complained to SANDOZ, that a bus boy, "Tarek", said to Plaintiff, "Show me your tits" and that Tarek then persisted and said, "yours look so good . . .so big and real and so soft . . .  yummm."

35. Thereafter, showing plaintiff, "Tarek" took a liquor bottle and pretended to masturbate with it and was try to look down Plaintiff's shirt and saying, "touch me . . your tits look so good."

36. Defendant SANDOZ witnessed the above events with Tarek.

37. Plaintiff again complained to defendant SANDOZ who just laughed and took no action.

38. Defendant SANDOZ even commented to Plaintiff, "Look at that girl's ass" referring to a customer.

39. Defendant SANDOZ told Plaintiff all you American girls are sluts. Specifically, he said, "My girlfriend is not a typical American girl, she is not a slut."

40. Defendant SANDOZ again told Plaintiff "All you do is complain. . . Keep your mouth shut.

41. Plaintiff told Defendant SANDOZ that she was going to quit if he did not do something about the harassment and Defendant SANDOZ told Plaintiff "Well I'm

sure with your skills, you can find a job anywhere." While he said "your skills," he looked plaintiff up and down in a sexually suggestive manner. Plaintiff asked him what he meant by that. Defendant SANDOZ replied, "Oh nothing, I'm just kidding."

42. Conditions were so unbearable, plaintiff could no longer continue working there.

43. Plaintiff was constructively discharged on or around May 8, 2006.

44. Plaintiff was subjected to such hostile conditions that no reasonable person in Plaintiff's shoes would be expected to tolerate.

45. The above are just some of the examples and this type of behavior occurred to Plaintiff on a daily, continuous and pervasive manner.

46. Defendants treated Plaintiff differently because of her gender, national origin, and citizenship.

47. Plaintiff has been unlawfully discriminated against, was humiliated, has been degraded and belittled; and as a result suffers loss of civil rights, emotional distress, loss of income, earnings, and benefits.

48. Plaintiff's situation at the job was intolerable as a result of the discrimination by Defendants to which she was subjected.

49. Throughout Plaintiff's employment with defendants, Plaintiff would protest and complaint to Defendants about this unlawful conduct.

50. Plaintiff's performance was satisfactory during the course of employment with the defendants.

51. During Plaintiff's employment with the defendants, Plaintiff was regularly exposed to a discriminatorily offensive and hostile work environment.

52. Defendant's actions and conduct were intentional and intended to harm the Plaintiff.

53. After Plaintiff protested to Defendant, Plaintiff became the subject of discriminatory retaliation by Defendants.

54. As a result of defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

55. Defendants' discriminatory comments and actions created a hostile working environment which no reasonable person would tolerate.

56. As a result of the defendants' discriminatory and intolerable treatment of Plaintiff, she suffered severe emotional distress and physical ailments.

57. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

58. As a result of the above Plaintiff has been damaged in an amount in excess of the jurisdiction of all lower courts.

59. As Defendants' conduct has been willful, outrageous, malicious, Plaintiff also demands punitive damages against Defendants.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

60. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

61. Executive Law § 296 provides that   "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

62. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her gender, national origin.

63. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

64. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

65. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

66. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

67. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

68. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

> "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

69. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

71. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

72. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of Plaintiff's gender, national origin and citizenship.

73. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

74. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

75. The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice:

> "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

76. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

77. Plaintiffs repeats and realleges each and every allegation made in the above paragraphs of this complaint.

78. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice:

> "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

79. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS A SEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

80. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

81. Section 8-107(19), entitled Interference with protected rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

82. Defendants violated the above section as set forth herein.

## AS AN EIGHTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

83. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

84. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor. Provides

      a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

      b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

      (1) the employee or agent exercised managerial or supervisory responsibility; or

      (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

      (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

85. Defendants violated the above section as set forth herein.

## AS A NINTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

86. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

87. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2 provides that (a) It shall be an unlawful employment practice for an employer -

    (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

    (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

88. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e-2 by actually and constructively terminating Plaintiff, creating a hostile work environment, and otherwise discriminating against Plaintiff because of her sex and national origin.

## AS A TENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

89. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

90. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

    "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

91. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e-3(a) by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful employment practices of Defendants.

## AS AN ELEVENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

92. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

93. Defendants engaged in extreme and outrageous conduct.

94. Defendants intended to cause, or disregarded a substantial probability of causing, severe emotional distress to Plaintiffs.

95. There exists a causal connection between the above conduct and said injury.

96. As a result of said conduct Plaintiffs suffered and suffers from severe emotional distress.

## INJURY AND DAMAGES

97. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of a career and the loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses and Plaintiff has also suffered future pecuniary losses, back pay and front pay, emotional pain, suffering, inconvenience, weight gain, injury to reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practice prohibited by state common law, New York State Executive Law §296 et. Seq. and The New

York City Administrative Code Title 8, §8-107 et. Seq.; and that the Defendants harassed, discriminated against, constructively discharged, and retaliated against Plaintiff on the basis of national origin, religion and creed, and disability;

B. Awarding damages to the Plaintiff, retroactive to the date of discharge, for all lost wages, past and future, and benefits resulting from Defendants' unlawful termination of employment and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in a amount in excess of the jurisdiction of all lower courts;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated:    New York, NY
             March 7, 2007

**AKIN & SMITH, LLC**

By:_____

Derek T. Smith (DTS/1747)

Attorneys for Plaintiff
305 Broadway
Suite 1101
New York, NY 10007
(212) 587-0760

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
STEFANIE WALMSLEY,                                                        | Docket No.
                                                                          |
        Plaintiff                                                         |
                                                                          |
                                                                          |
        v.                                                                | Plaintiff Demands a Jury
                                                                          |
PK & SON LLC, individually and d/b/a  PARIS MATCH, |
PHILIPPE KAYADJANIAN, and TIMOTHY SANDOZ, |
                                                                          |
        Defendants                                                        |
                                                                          |
------------------------------------------------------------------------X


-----------------------------------------------------------------

**COMPLAINT**

-----------------------------------------------------------------




**AKIN & SMITH, LLC**
Attorneys for Plaintiff
305 Broadway
Suite 1101
New York, NY 10007
(212) 587-0760